UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TERESA A. TOLER; ROY TOLER, SR.,
  *Plaintiffs-Appellants,*

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a corporation,
  *Defendant-Appellee.*

No. 02-1935

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CA-99-1018-2)

Submitted: February 11, 2003

Decided: May 29, 2003

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John H. Bicknell, Menis E. Ketchum, GREENE, KETCHUM, BAI-
LEY & TWEEL, Huntington, West Virginia, for Appellants. Charles
S. Piccirillo, SHAFFER & SHAFFER, P.L.L.C., Madison, West Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The district court granted summary judgment to Appellee State Farm Mutual Automobile Insurance Company ("State Farm") in an action brought against it by Appellants, Teresa A. Toler and Roy Toler, Sr., seeking coverage from State Farm for an accident in which Teresa Toler was involved. The district court granted summary judgment for State Farm based on its determination that a car business exclusion provision, contained in the two automobile insurance policies at issue, applied to appellants' claims. Because we conclude, for the reasons below, that the district court properly applied the car business exclusion, we affirm the judgment of the district court and its grant of summary judgment for State Farm.

The accident at the heart of this case occurred while Teresa, as a favor to her husband and his auto repair business, M & R Autoworks, was transporting a car that M & R was repairing to a car dealership for additional repairs that M & R was not equipped to complete. Teresa sat as a passenger in the under-repair car, as the car was driven by a friend of hers to the dealership. In route to the dealership, the under-repair car was struck by another vehicle, which collision caused Teresa physical injury.

As a result of the accident, Teresa sought underinsured motorist benefits and medical payment benefits from a State Farm insurance policy held by her friend, the driver of the under-repair car. And, in addition, she sought medical payment benefits from a State Farm insurance policy that she and her husband held. Both policies contained a "car business exclusion" provision, that provides:

THERE IS NO COVERAGE:

    1.   WHILE A *NON-OWNED CAR* IS USED:

        a.   BY ANY *PERSON* EMPLOYED OR ENGAGED
            IN ANY WAY IN A *CAR BUSINESS*[.]

J.A. at 38, 85 (emphasis and capitalization in original). The district court relied on the plain language of this provision to conclude that Teresa's claims against State Farm on these two particular policies were precluded.

On appeal, appellants claim entitlement to coverage under the policies on the grounds that Teresa, and her friend driving the under-repair vehicle, were not engaged in a car business. Appellants argue that Teresa's transport of the vehicle from M & R Autoworks to the dealership for further repair was not "engage[ment] in any way in a car business" because (1) "Teresa [and her driving friend] were not employees of M & R Autoworks[,]" (2) "Teresa and [her driving friend] were never on the payroll of M & R Autoworks[,]" and (3) "they were not under the control of M & R Autoworks." Appellants' Br. at 14.

Appellants' arguments, all essentially asserting that Teresa and her friend were not employees of M & R Autoworks, are *non sequitur* responses to the question of whether *vel non* Teresa and her friend were "*engaged in any way*" in M & R's car business. West Virginia law requires that the plain language of an insurance policy controls if it is not ambiguous. *See Murray* v. *State Farm Fire and Cas. Co.*, 509 S.E.2d 1, 6 (W. Va. 1998). Here, the plain language of the insurance policy reaches not just to employment in a car business, *see* J.A. at 38 ("by any person employed"), but also to any person "engaged" in a car business. *See id.* ("by any person . . . engaged in any way"). The addition of the term "engaged" to the exclusion makes sense only as being an effort to extend the exclusion beyond those who are employed also to those who are engaged in a car business.

Black's Law Dictionary defines "engage" as "To employ or involve one's self; to take part in; to embark on." *Black's Law Dictionary* 528 (6th ed. 1990). Undoubtedly, Teresa and her driving friend had "employed and involved themselves" in the car business, *M & R Autowork's car business*, by affecting the transfer of the under-repair

vehicle from M & R Autoworks to the dealership. So too did they undoubtedly "take part" in the car business by transporting the car for M & R. It may even fairly be said they "embarked on" this transport trip made for M & R's undisputed car business purposes. As a consequence, we conclude, as did the district court, that the clear language of the contract provision applies here.

Appellants also argue that because the West Virginia Supreme Court has concluded that homeowners insurance provisions that exclude coverage for persons engaged in business only exclude coverage for persons who engage in a continuous or regular activity undertaken for the purpose of earning a profit or livelihood, so too here should the "engaged in a car business" provision be interpreted only to apply to continuous activity.

This argument fails for the straightforward reason that the cases appellants rely on, *Camden Fire Ins. Assoc.* v. *Johnson*, 170 W. Va. 313 (1982), and *West Virginia Ins. Co.* v. *Lambert* (193 W. Va. 681 (1995) (per curiam), reach their result only by turning to the dictionary and to common usage of the terms "business" and "pursuit," just as we here turn to the dictionary to understand the term "engagement." And, unlike in *Camden Fire* and *West Virginia Ins. Co.*, there is here no dispute over whether Teresa and her friend engaged in a "*business*." It is undisputed that M & R Autoworks is such a continuous business, conducted in order to generate profit. The only question, which we address above, is whether Teresa and her friend engaged in *that* business.

The district court attempted to buttress its opinion on the West Virginia Supreme Court's decision in *Carney* v. *Erie Ins. Co.*, 434 S.E.2d 374, 379, n.6 (W. Va. 1993), but, since the plain language of this car business exclusion applies, *see Murray* v. *State Farm Fire and Cas. Co.*, we do not think that any such effort is called for.

Because the district court properly determined that the car business exclusion applied to the two insurance policies at issue in this case, and because that provision excluded from coverage claims such as those made here, that court's grant of summary judgment for State Farm was proper. Accordingly, the judgment of the district court is affirmed.

We dispense with oral argument as we already had the benefit of oral argument on the merits of this case in No. 00-1697.

*AFFIRMED*